UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

YANELIS E. CHAMPION,

    Plaintiff,

v.

FASTTRAIN II CORP., a
Florida corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, YANELIS E. CHAMPION, by and through her undersigned attorney hereby sues Defendant, FASTTRAIN II CORP., a Florida corporation, and says:

### JURISDICTION AND VENUE

1. This is an action for damages based on an unlawful employment practice committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), and Title 28, United States Code, § 1343.

2. The claims asserted in this complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, YANELIS E. CHAMPION is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen years and otherwise sui juris.

5. Defendant, FASTTRACK II CORP., is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

## COUNT ONE – VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

6. Plaintiff brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §§ 714(a) and 706(g) (42 U.S.C. §§ 2000e-3(a) and 2000e-5(g)), for damages to compensate her for the economic loss and other damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was and is a member of a protected group, to wit, female.

7. At all times pertinent hereto Plaintiff was an employee of Defendant which employment terminated on or about February 18, 2011.

8. Defendant, through its employees, including its supervisory employees, continuously and consistently made sexual comments and remarks both to and about Plaintiff, and otherwise created a hostile working environment for Plaintiff because of Plaintiff's gender. The environment became so severe that Plaintiff was compelled to complain concerning same to Defendant's upper

management on several occasions, and eventually was forced to resign her position and, thus was constructively discharged.

9. Some examples of the conduct which created the hostile work environment are: co-workers would encourage students attending the school where Plaintiff worked to approach her and asked to be kissed; Plaintiff's co-workers together with certain supervisory and management personnel began spreading the story that Plaintiff was a "stripper" who went by the name of "Bambi"; a false rumor of Plaintiff having an extramarital affair with a married member of senior management was circulated throughout the workplace; and it was suggested to Plaintiff that she would be more productive at her job if she would dress in a more sexy fashion.

10. The facts set forth herein give rise to a cause of action for discrimination as set forth in 42 U.S.C. 2000e-2 making it unlawful for an employer to discriminate against an employee on the basis of gender, or to otherwise create a hostile work environment for women.

11. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission (EEOC) at Miami, Florida. The complaint was filed within 180 days after the unlawful employment practice occurred.  On June 7, 2012 the EEOC issued Plaintiff its Notice of Right to Sue. This action was originally filed on July 27, 2012 within 90 days of the receipt of the Notice of Right to Sue.

12. Defendant discriminated against Plaintiff by creating and allowing sexual harassment of Plaintiff so severe or pervasive as to create a hostile and abusive work environment.

13. Plaintiff has been injured because of the aforesaid discrimination for which Plaintiff seeks relief. Because of the damages sustained, Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) (42 U.S.C. § 2000e-5(g)).

14. The conduct of Defendant as described herein is and was willful and malicious so as to entitle Plaintiff to recover exemplary damages to punish Defendant and to deter such conduct in the future.

15. Plaintiff is entitled to recover the costs of this action including a reasonable amount for her attorney's fees incurred.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    a. Actual damages allowable by law and according to proof;

    b. Punitive damages;

    c. Interest on the amount found due at the highest rate allowable by law;

    d. Reasonable attorney's fees and the costs of this action; and

    e. Such other and further relief as the Court deems proper.

## COUNT TWO – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. Plaintiff re-states and re-avers the allegations contained in paragraphs 4, 5, 7, 8, 9, 12 and 14 as though same were fully rewritten, and says:

17. This Court has jurisdiction over all claims made by Plaintiff.

18. The facts set forth hereinabove give rise to a cause of action for intentional infliction of emotional distress because Defendant's conduct was extreme and outrageous as those terms are understood and defined by the law of the State

of Florida. Defendant's conduct toward Plaintiff and in allowing the hostile environment to exist was either intentional or reckless. The Defendant's conduct proximately caused Plaintiff to suffer severe emotional distress.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. Damages in an amount according to proof;

b. The costs of this action;

c. Such other relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff YANELIS CHAMPION demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 18, 2013

Respectfully Submitted:

__/s/ Charles Eiss_____
Charles M. Eiss, Esq. (Fla Bar #612073)
Icelaw21@aol.com
Lindsay Marie Timari, Esq. (Fla. Bar #92098)
ltimari@yahoo.com
Law Offices of Charles Eiss, P.L.
Attorneys for Plaintiff
8211 West Broward Boulevard
Suite 360
Plantation, Florida 33324
(954) 812-9513 (Telephone)
(954) 473-4907 (Facsimile)